Below is an Opinion of the Court.

_____

PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>Peter Szanto,<br><br>           Debtor. | Bankruptcy Case<br>No. 16-33185-pcm11 |
| Peter Szanto,<br><br>           Plaintiff,<br><br>    v.<br><br>Internal Revenue Service, Tammy<br>Hedstrand, Vicky Hazley, Chris<br>Wagner, Unknown Agents 1-10,<br><br>           Defendants. | Adv. Proc. No. 16-3141-pcm<br><br>MEMORANDUM OPINION |

This matter came before the Court on April 28, 2017, on the United States' Motion to Dismiss filed on behalf of the Internal Revenue Service (IRS). In his Amended Complaint, plaintiff-debtor Peter Szanto seeks relief against the IRS for allegedly improperly assessed taxes, damages resulting from that assessment, a refund of taxes already paid, and injunctive relief.

Page 1 – MEMORANDUM OPINION

Plaintiff has a long history of litigating against the IRS for the assessment of taxes in multiple tax years.  This particular adversary proceeding focuses on the tax year 2007 and whether the IRS had agreed in 2012 to settle plaintiff's 2007 tax liability for a lesser amount than it now claims in its proof of claim.  The complaint also asserts tort claims based on the IRS's conduct in assessing taxes for 2007, and its filing of an amended pleading in tax court for the tax year 2009.

This case raises interesting and complex legal issues, including the intersection of the Federal Tort Claims Act (FTCA), § 106 of the Bankruptcy Code, and 26 U.S.C. § 7433 of the Internal Revenue Code.

For the reasons stated below, the IRS's motion will be granted as to all the individual defendants and as to the United States as to all affirmative claims.  Plaintiff will be granted leave to replead his claims for fraud and malicious prosecution consistent with this Memorandum Opinion.  All other claims will be dismissed with prejudice.

FACTS

Plaintiff filed a chapter 11[1] case on August 16, 2016.  The IRS filed a proof of claim, asserting that it is owed taxes, interest, and penalties totaling $72,406.54.  The amounts claimed are as follows:

---

[1]    Unless otherwise indicated, all statutory references are to Title 11 of the United States Code.

Page 2 – MEMORANDUM OPINION

| Tax Year | Date Assessed | Tax Due | Interest as of Petition Date |
|----------|---------------|---------|------------------------------|
| 2007 | 9/21/2009 | $0 | $3,136.33 |
| 2007 | 1/7/2013 | $5,557.34 | $2,765.28 |
| 2009 | 8/13/2012 | $1,497.00 | $342.14 |
| 2009 | 11/28/2016 | $2,409.00 | $551.17 |
| 2010 | Pending examination | $25,278.00 | $4,639.42 |

In addition, the proof of claim asserts that plaintiff owes $26,230.47 in penalties.

In response to the IRS's proof of claim, plaintiff filed this adversary proceeding, asserting three claims against the IRS as the single defendant: breach of contract, fraud, and intentional or negligent infliction of emotional distress. When the IRS filed a motion to dismiss, plaintiff obtained leave to file this amended complaint. In it, he added individual defendants who he claims are employees of the IRS, and asserted four claims: breach of contract, fraud, malicious prosecution, and intentional or negligent infliction of emotional distress. His complaint also sought an injunction against defendants and a refund of taxes paid. Although not separately stated as a claim for relief, the complaint also says that it is an objection to the IRS's proof of claim.

Plaintiff asserts that in 2013, the IRS wrongfully assessed additional taxes for the 2007 tax year after he had completely settled his 2007 tax liability earlier in 2012. He also claims that the IRS attempted to amend an answer in a tax court proceeding involving his 2009 tax liability by asserting an additional $380,161 of income for

Page 3 – MEMORANDUM OPINION

that tax year.  Plaintiff argues that these acts by the IRS support claims for breach of contract, fraud, and malicious prosecution. Plaintiff also alleges that he has made payments to the IRS, which have been credited to his 2007 disputed tax lability, so he also seeks a refund of those amounts paid based on the theory that the 2007 assessment beyond the amount agreed upon in 2012 was wrongful.

The IRS on its own behalf and on behalf of defendant Hedstand, filed a motion to dismiss the amended complaint on the basis that: (1) plaintiff named the wrong party; (2) the claims against the individual defendants should be dismissed because the activities complained of were allegedly taken by IRS employees in their official capacities; (3) plaintiff's breach of contract claim should be dismissed for lack of subject matter jurisdiction; (4) alternatively, the contract claim should be dismissed for failure to state a claim; (5) plaintiff's tort claims should be dismissed for lack of subject matter jurisdiction; (6) alternatively, plaintiff's tort claims should be dismissed for failure to state a claim; (7) plaintiff's assertion that he is entitled to a refund of taxes paid is barred by statute; and (7) plaintiff's claim for injunctive relief is barred by the anti-injunction statute.

DISCUSSION

A party may move to dismiss a claim under Fed. R. Bankr. P. 7012(b), which makes Fed. R. Civ. P. 12(b)(1) and (6) applicable to adversary proceedings.

Pursuant to Fed. R. Civ. P. 12(b)(1), a court must dismiss a case if it lacks subject matter jurisdiction.  A federal court is presumed to lack subject matter jurisdiction until the party asserting it

Page 4 – MEMORANDUM OPINION

establishes otherwise.  <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994).  Accordingly, plaintiff bears the burden of establishing jurisdiction.

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint will be dismissed for "failure to state a claim upon which relief can be granted."  The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Although detailed allegations of fact are not necessary, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Id.</u>  Simply reciting the elements of a cause of action is insufficient.  <u>Id.</u>

1. <u>Improper Defendants</u>

a. <u>IRS is the incorrect party</u>

The United States correctly states that the IRS is not subject to suit in a United States District Court.  <u>See</u>, <u>e.g.</u>, <u>Blackmar v. Guerre</u>, 342 U.S. 512, 514-15 (1952) ("When Congress authorizes one of its agencies to be sued eo nomine, it does so in explicit language . . . ."). An action against an agency of the United States is deemed to be an action against the United States.  <u>Dugan v. Rank</u>, 372 U.S. 609, 613 (1962).

Plaintiff argues that the IRS is the correct party, because the proof of claim filed in this case was filed by the Department of Treasury, Internal Revenue Service.  Although plaintiff refers in the

Page 5 – MEMORANDUM OPINION

complaint to the proof of claim and says that the complaint is acting as an objection to the proof of claim, the adversary complaint goes well beyond defeating the proof of claim. It asserts numerous affirmative claims for relief and seeks monetary damages and injunctive relief. Consequently, the identification of the creditor on the proof of claim does not override the well-established authority that a suit against the IRS is deemed to be a suit against the United States.

The court shall substitute the United States as the defendant.

### b. Dismissal of claims against individual defendants

In addition to naming the IRS as a defendant, in his amended complaint plaintiff also named several individuals whom plaintiff asserts are or were employees of the IRS. Where a suit is against IRS employees in their official capacity, it is essentially a suit against the United States. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Moreover, "[a] suit or proceeding [for the recovery of tax erroneously or illegally assessed or collected] may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative." 26 U.S.C. § 7422(f)(1).

Plaintiff argues that, under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), governmental actors may be held personally liable for "violations, committed under the guise and pretext of government authority to deprive citizens of constitutional rights." Plaintiff's Response at p.15. However, "the right to sue as established by Bivens is qualified and is not absolute." Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004). "Because the

Page 6 - MEMORANDUM OPINION

Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection," Bivens relief is not available in actions against IRS auditors and officials acting in their official capacity. Id. at 1186. Plaintiff does not allege that the individual defendants took any action outside their official capacity.

Plaintiff also argues that 26 U.S.C. § 7433(a) authorizes suit against individual IRS employees. However, that statute provides that a "taxpayer may bring a civil action for damages against the United States . . . ." (emphasis supplied). It does not authorize suit against individual agents of the IRS.

Accordingly, all claims against the individual defendants will be dismissed.[2] Reference to "defendant" hereafter shall refer to the United States.

2. Contract Claim

Defendant concedes that "there is no dispute that this Court has jurisdiction to adjudicate an objection to the IRS Claim filed in this case," but argues that this court lacks jurisdiction to hear any

_____

[2] The only individual defendant to appear in this action is defendant Hedstrand. Based on the arguments of the parties during the April 26, 2017, hearing on the United States' Motion to Dismiss, it appears the remaining defendants may not have been properly served and may not be aware of this action. However, pursuant to Fed. R. Civ. P. 12(b)(6) and 21 made applicable in adversary proceedings by Fed. R. Bankr. P. 7012 and 7021, this court may dismiss a party sua sponte "when it is clear that the plaintiff has not stated a claim upon which relief may be granted." Hunt v. County of Orange, 672 F.3d 606, 617 (9th Cir. 2012) (quoting Trujillo v. Crescent Jewelers, 243 F.3d 550 (9th Cir. 2000) (unpublished)). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." Trujillo, 243 F.3d at *1.

Page 7 – MEMORANDUM OPINION

complaint for relief beyond the adjudication of plaintiff's claim objection. Defendant further argues that plaintiff's contract claim fails to state a claim for relief. For the reasons discussed below, I conclude that, by filing a proof of claim in this case, the United States waived sovereign immunity, but that plaintiff failed to state a claim for relief. Accordingly, plaintiff's contract claim will be dismissed with prejudice.

11 U.S.C. § 106 governs sovereign immunity as it applies in bankruptcy. Section 106 addresses three distinct types of claims: (1) claims that arise under the Bankruptcy Code; (2) claims that are in the nature of compulsory counterclaims when the IRS has filed a proof of claim; and (3) claims that are in the nature of permissive counterclaims, which may be used only as an offset to the amounts claimed under the proof of claim. See § 106(a)-(c); McGuire v. United States, 550 F.3d 903, 912-13 (9th Cir. 2008) ("Section 106 of the Bankruptcy Code waives the federal government's sovereign immunity in three circumstances: (1) where the substantive authority for the cause of action arises from the Bankruptcy Code itself; (2) for compulsory counterclaims against government claims; and (3) for permissive counterclaims capped by a set-off limitation."). Said differently, for compulsory counterclaims, sovereign immunity is waived with regard to the bankruptcy estate's claims that arose out of the same transaction or occurrence as the government's claim. In re Pinkstaff, 974 F.2d 113, 115 (9th Cir. 1992).

A claim is a compulsory counterclaim when it bears a "logical relationship" to the claim.

Page 8 – MEMORANDUM OPINION

> A logical relationship exists when the counterclaim arises
> from the same aggregate set of operative facts as the
> initial claim, in that the same operative facts serve as
> the basis of both claims or the aggregate core of facts
> upon which the claim rests activates additional legal
> rights otherwise dormant in the defendant.

In re Pinkstaff, 974 F.2d at 115 (quoting United States v. Bulson (In re Bulson), 117 B.R. 537, 541 (9th Cir. BAP 1990), aff'd by memorandum, 974 F.2d 1341 (9th Cir. 1992)) (citations omitted).

Defendant argues that McGuire stands for the proposition that "bankruptcy courts lack[] subject matter jurisdiction to hear Tucker Act claims against the Federal government." United States Reply at p.10. The Tucker Act addresses claims brought against the United States in civil actions for damages not sounding in tort which exceed $10,000. McGuire, 550 F.3d at 910. Plaintiff's contract claim accordingly falls within the ambit of the Tucker Act: it sounds in contract, not in tort, and seeks damages in excess of $10,000. Nevertheless, defendant's reading of McGuire is far too broad.

Defendant is correct that "[t]he express, specific waivers in § 106 suggest that Congress did not intend to broadly consent to suit in bankruptcy court for any claim that falls under the Tucker Act." McGuire, 550 F.3d at 913. And, "[t]he Tucker Act's sovereign immunity waiver is limited to suits filed in the United States Court of Federal Claims." Id. at 906. However, the facts of McGuire are distinguishable from this case. In McGuire, the plaintiff brought a takings claim against a party that had not filed a proof of claim in his bankruptcy. Under that set of facts, that plaintiff's claim did not arise from the bankruptcy, was not a compulsory counterclaim, and was not subject to

Page 9 – MEMORANDUM OPINION

offset by a claim filed in the case.  By contrast, here defendant did
file a proof of claim in debtor's bankruptcy case.  The filing of a
proof of claim opens the door for a compulsory or permissive
counterclaim.

Plaintiff alleges that the 2007 tax liability asserted in the IRS's
proof of claim exceeds the amount agreed upon by the parties under the
alleged settlement agreement.  Plaintiff asserts that defendants'
efforts to collect amounts outside that alleged agreement constitute a
breach of the settlement agreement for which plaintiff is entitled to
damages.  Because the IRS's proof of claim and plaintiff's contract
claim both address plaintiff's 2007 tax liability, plaintiff's claim
"arises from the same aggregate set of operative facts as the initial
claim," In re Pinkstaff, 974 F.2d at 115, and is therefore a compulsory
counterclaim.

Because plaintiff's claim is a compulsory counterclaim, § 106(b)
applies and sovereign immunity is waived as to plaintiff's contract
claim.

However, defendant also moves to dismiss the contract claim under
Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

As discussed above, "[t]o survive a motion to dismiss, a complaint
must contain sufficient factual matter, accepted as true, to 'state a
claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at
678.  Leave to amend must be granted unless it is clear that the
complaint's deficiencies cannot be cured by amendment.  Lucas v. Dep't
of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).  When amendment would

Page 10 – MEMORANDUM OPINION

be futile, dismissal may be ordered with prejudice. <u>Dumas v. Kipp</u>, 90 F.3d 386, 393 (9th Cir. 1996).

Plaintiff's complaint alleges that he entered into a valid contract with the IRS settling the amount owed for the 2007 tax year and the IRS breached the agreement when the agency attempted to collect amounts related to the 2007 tax year beyond the amount set out in the agreement. As proof of the agreement, plaintiff attached as Exhibit A to his amended complaint a Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Deficiency and to Accept Overassessment. The form is signed by plaintiff, plaintiff's wife and the Appeals Team Manager for the IRS.

Defendant argues that this form is legally insufficient to constitute the contract plaintiff alleges he entered into with the IRS. Defendant is correct.

> The settlement of disputed tax liabilities is governed by
> [26 U.S.C. §§] 7121 and 7122, which authorize the Secretary
> or an authorized delegate to settle any tax disputes and
> compromise any civil or criminal case arising under the
> internal revenue laws. The procedures under these
> provisions and the applicable regulations are the exclusive
> means by which a compromise or settlement will be binding
> on both the taxpayer and the Government. Accordingly, no
> theory founded upon general concepts of accord and
> satisfaction can be used to impute a compromise settlement.
>
> Regulations under [26 U.S.C. §] 7122 clarify the procedures
> required with respect to an offer-in-compromise and how an
> offer may be accepted. Section 301.71221(d)(1), Proced. &
> Admin. Regs., requires that offers-in-compromise be
> submitted in the form and manner prescribed by the Internal
> Revenue Service (IRS). The prescribed form for an offer-
> in-compromise is Form 656, Offer in Compromise. Section
> 301.7122-1(d)(1), Proced. & Admin. Regs., also provides

Page 11 - MEMORANDUM OPINION

that "[a]n offer to compromise a tax liability must be made
in writing, must be signed by the taxpayer under penalty of
perjury, and must contain all of the information prescribed
or requested by the Secretary."

Prussin v. C.I.R., 2014 WL 6888460, at *3 (T.C. Dec. 8, 2014)

(quotations and citations omitted).

There are no allegations in the amended complaint that the parties

complied with the procedures specified under 26 U.S.C. §§ 7121 or 7122

for either a closing agreement or an offer-in-compromise. Indeed, the

amended complaint is express that the contract allegedly entered is the

document attached as Exhibit A.[3] Moreover, plaintiff's Response to

Motion to Dismiss, at p.13:16-17 and 23-26, alleges that no additional

document indicating any agreement between the parties exists, and that

Exhibit A is the one and only relevant document.

Exhibit A does not meet the requirements for a legally binding

contract with the IRS. Accordingly, even assuming all facts as alleged

are true and construing them in the light most favorable to plaintiff,

his claim for breach of contract does not state a claim for relief.

Moreover, because plaintiff does not argue that he could allege that he

complied with the procedures outlined in 26 U.S.C. §§ 7121 and 7122

required to establish a contract with the IRS, any amendment to the

complaint would be futile. Accordingly, plaintiff's breach of contract

claim will be dismissed with prejudice.

---

[3] Plaintiff also argues that the IRS claim for additional funds
associated with the 2007 tax year could not be assessed because the year
was "closed" by the Form 870-AD. However, because this document did not
constitute a settlement of disputed tax liability, I need not reach the
question of whether the additional tax was first assessed in 2009, as
the IRS asserts, or 2013, as debtor asserts, and whether the Form 870-AD
impacted such assessment.

Page 12 – MEMORANDUM OPINION

3. <u>Tort Claims</u>

Plaintiff's remaining claims are for fraud, malicious prosecution and intentional or negligent infliction of emotional distress. In his response to the motion to dismiss, plaintiff indicated his intent to withdraw his emotional distress claim. Plaintiff's Response at p.18. Accordingly, that claim will be dismissed. The remaining claims for fraud and malicious prosecution are tort claims ("Tort Claims").

The United States argues that, despite the waiver of sovereign immunity contained in §§ 106(b) and (c), both the FTCA and 26 U.S.C. § 7433 of the Internal Revenue Code provide jurisdictional limitations barring plaintiff's claims.

The FTCA serves as a general waiver of the United States' sovereign immunity with respect to tort claims filed against it and provides for recovery against the United States

> for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . . Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1). However, several exceptions apply to this waiver. 28 U.S.C. § 2680. If a claim falls within one of the listed exceptions, federal courts lack subject matter jurisdiction. <u>McQuade v. U.S.</u>, 839 F.2d 640, 642 (9th Cir. 1988).

Section 2680(c) precludes "[a]ny claim arising in respect of the assessment or collection of any tax . . . ." This includes activity

Page 13 – MEMORANDUM OPINION

that goes "beyond the normal scope of authority and amount[s] to tortious conduct . . . . ." Morris v. U.S., 521 F.2d 872, 874 (9th Cir. 1975).

Plaintiff's fraud and malicious prosecution claims fit squarely within this exception. For his fraud claim, plaintiff alleges:

> The facts and acts of defendants' multiple false and fraudulent actions towards plaintiff are these:
>
> i) Attempt to collect more tax than is due for 2007
>
> ii) Attempt to collect taxes for other tax years which are likewise not due
>
> iii) Despicable unwarranted and unjustified collection efforts. This was fraud, because defendant IRS and its agents' statements were lies – which defendants knew to be lies when made, because debtor does not owe more taxes than he has already paid.
>
> iv) Amending tax liability based on $380,161 [EXHIBIT D] in knowing disregard of the fact that no such amount was justifiably (nor conceivably) due from plaintiff

Complaint, ¶ 50. For his malicious prosecution claim, plaintiff alleges "there was no probable cause for any attempted addition of that $380,161."[4] Complaint, ¶ 58. These claims "aris[e] in respect of the assessment or collection" of tax, making § 2680(c) applicable.

Additionally, 28 U.S.C. § 2680(h) precludes any claim arising out of malicious prosecution, misrepresentation or deceit, among other causes of action. Accordingly, plaintiff's malicious prosecution and

---

[4] This amount referenced an additional amount of income that defendants asserted that plaintiff received. The amount of tax, interest, and penalties asserted by defendants is outlined above.

Page 14 – MEMORANDUM OPINION

fraud claims fall also within this exception to the sovereign immunity waiver contained in the FTCA.

Plaintiff's response that his malicious prosecution claims are unrelated to the collection of any tax is facially incorrect and without merit, based on the allegations of the amended complaint. Further, plaintiff's argument regarding these claims is replete with references to audits and assessment attempts by the IRS.

Plaintiff also argues that, because no investigative or law enforcement officers were involved, § 2680(h) does not apply. Plaintiff misreads the exception. No such involvement is required for the exception to apply. The exception applies to "any claim." The proviso related to investigative or law enforcement officers is inapplicable in this case and does not otherwise limit the exception.

Because together these two exceptions apply to deprive this court of subject matter jurisdiction to hear plaintiff's claims for fraud and malicious prosecution under the FTCA, unless the § 106 waiver of sovereign immunity overrides the FTCA's exceptions to waiver of sovereign immunity, plaintiff's claims are barred under the FTCA.

The Tenth Circuit court of appeals' decision in Franklin Sav. Corp. v. United States (In re Franklin Sav. Corp.), 385 F.3d 1279 (10th Cir. 2004) is instructive on the question of whether the sovereign immunity waivers contained in Bankruptcy Code §§ 106(b) or 106(c) override §§ 2680(c) and 2680(h) of the FTCA.

In Franklin, the debtor sought to bring tort claims against the FDIC under the FTCA. Id. at 1287. However, its claims failed to meet the statute of limitations requirements under FTCA. Id. The debtor

Page 15 – MEMORANDUM OPINION

argued that § 106 of the Bankruptcy Code abrogated the jurisdictional statute of limitations contained in the FTCA.  Id. at 1289.

The Franklin court reasoned that the waiver of sovereign immunity in § 106 could not overcome the defects in the debtor's claim under the FTCA.  Id. at 1290 ("Neither the language nor the legislative history of Bankruptcy Code § 106 unequivocally express a Congressional intent to abrogate, eliminate, or avoid any applicable statute of limitations that is integral to the cause of action asserted pursuant to § 106's waiver.")  Rather, the court reasoned, "Congress intended § 106 to provide a limited waiver of sovereign immunity to enable a debtor to recover damages only to the same extent that the debtor's claims would be cognizable outside of bankruptcy."  Id.  Quoting Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981), the court further explained that, "[l]ike a waiver of immunity itself, which must be unequivocally expressed, the Supreme Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."  Id. at 1289-90.

Noting that other cases have indicated that certain provisions of the FTCA, such as exhaustion of remedies, are superseded by § 106's waiver of sovereign immunity, the Franklin court reasoned that failure to meet statute of limitations requirements under FTCA is distinct from failure to exhaust administrative remedies.  Without ruling on the question of whether § 106 waives the administrative exhaustion requirement, the court held that "[i]t would be extraordinarily unfair to the United States if the mere filing of a proof of claim in a bankruptcy proceeding subjected it to liability for untimely claims,

Page 16 – MEMORANDUM OPINION

leaving it without recourse to the usual protections from stale claims available to it in any other, non-bankruptcy proceeding." Id. at 1291.

Plaintiff's fraud and malicious prosecution claims in this case suffer similar defects as those presented by the Franklin debtor: Plaintiff's claims do not meet the statutory requirements under the FTCA for cognizable claims. This bar is not a mere procedural requirement, but a clear and express substantive provision that makes the FTCA inapplicable to cases involving the assessment or collection of tax. To allow plaintiff to assert the Tort Claims under the FTCA when such claims would clearly exceed the scope of the government's liability outside of bankruptcy stretches the boundaries of § 106 beyond its terms.

Plaintiff also asserts that this court has jurisdiction to consider the Tort Claims under 26 U.S.C. § 7433. The United States argues that 26 U.S.C. § 7433 does not provide subject matter jurisdiction, because plaintiff did not exhaust his administrative remedies as required under § 7433. 26 U.S.C. § 7433 states, in relevant part, "Judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 § U.S.C. 7433(d)(1). The United States also cites the applicable regulations promulgated by the Secretary of the Treasury, which outline the administrative claim process. 26 C.F.R. § 301.7433-(1)(e)(1). The United States argues that plaintiff's failure to exhaust his administrative remedies is jurisdictional and is fatal to his claims.

Page 17 – MEMORANDUM OPINION

I disagree.  By filing a proof of claim, the IRS invoked the provisions of §§ 106(b) and 106(c).  The exhaustion of remedies provisions in 26 U.S.C. § 7433 are similar to the exhaustion of remedies provisions found in the FTCA.  These provisions are not a substantive bar to the assertion of the claims, but rather a requirement that encourages efficient administration of claims against the IRS.  Allowing those same claims to proceed in bankruptcy court rather than through the administration process does not bequeath rights to plaintiff that do not exist outside of bankruptcy; rather, it shifts the forum for hearing the dispute.  This conclusion is supported by In re Ashbrook, 917 F.2d 918 (6th Cir. 1990), and In re Anderson, 918 F.2d 1139 (4th Cir. 1990) in which the courts held that the FTCA's requirement that administrative remedies be exhausted was abrogated by § 106.

Having concluded that § 106 abrogates the exhaustion of remedies requirement under 26 U.S.C. § 7433, the next issue is whether plaintiff's Tort Claims fit within the waiver contained in § 106(b), and may therefore be used as a mechanism of recover damages, or fit within the more limited terms of § 106(c), in which case the claims may only be used as an offset to the IRS's proof of claim.  In order for the Tort Claims to be asserted affirmatively to recover damages, plaintiff must show that the claims asserted are in the nature of compulsory counterclaims as required under § 106(b).

Cases that address whether a counterclaim may be asserted under the FTCA when the United States asserts an affirmative claim against a party are helpful in analyzing the breadth of the waiver contained in § 106(b).  Indeed, the language in § 106(b) adopts the same test,

Page 18 – MEMORANDUM OPINION

requiring the court to determine first whether a claim is a compulsory counterclaim.

Once the United States brings a suit, it waives sovereign immunity to the extent that defendants have a claim for recoupment or a compulsory counterclaim. F.D.I.C. v. F.S.S.S., 829 F.Supp. 317, 321-22 (D. Alaska 1993). Counterclaims against the United States under the FTCA are compulsory – and, therefore, permitted - "only when the principal action by the United States was in tort and the counterclaim was compulsory in nature."[5] Spawr v. U.S., 796 F.2d 279, 281 (9th Cir. 1986) (holding that, because the United States initiated proceedings against the defendants that did not sound in tort, when the defendants initiated suit in a different forum and sought money damages, their claim was "of a different nature" and, therefore, not permitted under the FTCA). See also Perez v. Blue Mountain Farms, 2015 WL 4723630, *2 (E.D. Wash. Aug. 10, 2015) (holding that Spawr's requirement that the principal action sound in tort is controlling precedent, not dicta, in the Ninth Circuit); but see U.S. v. Iron Mountain Mines, Inc., 812 F.Supp. 1528, 1551 (E.D. Cal. 1992) (rejecting Spawr's requirement that relief sought in counterclaim be identical in nature to that sought by the government).

Although the case law interpreting the applicability of Spawr is not uniform, Spawr is controlling in this case and bars plaintiff from

_____

[5] The requirement that the principal action sound in tort appears to be unique to the Ninth Circuit. Several other circuits have reached the opposite conclusion. See, e.g., F.D.I.C. v. Hulsey, 22 F.3d 1472, 1487 (10th Cir. 1994) ("The fact that the FDIC's suit is based on contract and the counterclaims are based on tort is not significant.").

asserting the Tort Claims affirmatively against the United States. The IRS's claim is based in statutory requirements that plaintiff pay taxes. Plaintiff's counterclaims sound in tort. Accordingly, plaintiff's Tort Claims do not constitute compulsory counterclaims. Because § 106(b) contains the same compulsory counterclaim test discussed in Spawr, in order to assert claims for damages exceeding offset of the United States' claim, plaintiff has the burden to demonstrate that his Tort Claims are compulsory counterclaims. He has failed to do so.

However, given the broad language in § 106(c), which provides that ANY claim may be used as an offset, plaintiff can still proceed with his Tort Claims as permissive counterclaims under § 106(c) in an amount capped by the set-off limitation.

As with his claims under the FTCA, in order to proceed on claims under § 7433, and notwithstanding the waiver of sovereign immunity under § 106(c), plaintiff must show that he has a cognizable claim for relief. As pleaded, plaintiff's amended complaint fails to do so.

26 U.S.C. § 7433 allows a plaintiff to recover "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [Title 26], or any regulation promulgated under [Title 26]." 26 U.S.C. § 7433 (emphasis supplied). Although the complaint is not a beacon of clarity, plaintiff's amended complaint, even read in the light most favorable to plaintiff, addresses only liability relating to assessment of tax, not to its collection. Moreover, plaintiff's amended complaint does not cite any specific violations of Title 26 or the regulations

Page 20 – MEMORANDUM OPINION

promulgated under Title 26.  Accordingly, plaintiff's Tort Claims will be dismissed for failure to state a claim upon which relief can be granted.  Because it is not clear that repleading would be futile, plaintiff will be given leave to replead these claims.

4. Request for Refund

Without alleging a specific claim for relief or additional facts related to his request for a refund, plaintiff states in his amended complaint that he "seeks return of money paid to the IRS based on payments for non-existent taxes," Amended Complaint, ¶ 41, and "to recover money and property belonging to the debtor Peter Szanto's Bankruptcy estate. (ie.[sic] money which Szanto has already paid in excess of the [EXHIBIT A] settlement).".  Amended Complaint, ¶ 14. To the extent the amended complaint is an attempt to set out a claim for refund, for the following reasons the claim will be dismissed.

Section 505 of the Bankruptcy Code establishes bankruptcy court jurisdiction for adjudicating tax claims.  Plaintiff argues that § 505's jurisdictional grant applies in his case.  However, plaintiff's argument overlooks § 505(a)(2)(B), which excepts from this jurisdictional grant the authority to determine:

> Any right of the estate to a tax refund, before the earlier of
> – (i) 120 days after the trustee properly requests such refund
> from the governmental unit from which such refund is claimed;
> or (ii) a determination by such governmental unit of such
> request.

The jurisdictional requirement of properly requesting a refund is also well established elsewhere in statute and case law.  Although 26 U.S.C. § 1346(a) provides the district court with jurisdiction to hear

Page 21 – MEMORANDUM OPINION

claims against the United States for recovery of taxes alleged to have been erroneously or illegally assessed or collected, under 26 U.S.C. § 7422:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

The Supreme Court has held that, unless a claim for refund has been properly filed within the applicable time period, a suit for refund "may not be maintained in any court." United States v. Dalm, 494 U.S. 596, 602 (1990). See also Martinez v. United States, 595 F.2d 1147, 1148 (9th Cir. 1979) ("Compliance with 26 U.S.C. § 7422(a) and Treas. Reg. 301.6402-2(b)(1), by specifying in detail all grounds and supporting facts upon which a claim for refund is based, is a jurisdictional prerequisite to a suit for refund of taxes, and unless waived by the government, the taxpayer cannot proceed with his suit for refund" (internal citations omitted)); Mutual Assurance, Inc. v. United States, 56 F.3d 1353, 1355-56 (11th Cir. 1995) ("[A] taxpayer's filing of an administrative refund claim with the IRS in accordance with the relevant provisions of the Internal Revenue Code is a jurisdictional prerequisite to the maintenance of a tax refund suit.").

Page 22 – MEMORANDUM OPINION

Plaintiff argues in his response that he has "made many administrative claims." Plaintiff's Response at p.9. He also argued at the hearing on the motion to dismiss that he had made a substantial effort to pursue his refund and performed what he termed the "functional equivalent" of exhausting his claims. However, the statute does not provide for "functional equivalency." Plaintiff has failed to allege facts sufficient to meet the requirements of § 505 of the Bankruptcy Code and establish jurisdiction for his refund claim. Accordingly, plaintiff's claim for a refund will be dismissed.

5. Request for Injunctive Relief

As with his claim for a refund, plaintiff does not specifically set out a claim for an injunction, but rather simply requests injunctive relief. Amended Complaint, ¶ 24. To the extent plaintiff is making a claim for injunctive relief, the claim for relief will be dismissed for the following reasons.

Injunctions against the assessment or collection of any tax are governed by the Anti-Injunction Act, 26 U.S.C. § 7421(a), which provides:

> Except as provided in [26 U.S.C. §§] 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

> The Anti-Injunction Act is strictly enforced. If the action does not fall within any of the exceptions to the Anti-Injunction Act, the bankruptcy court must dismiss the action for lack of subject matter jurisdiction. Even if the taxpayer satisfies one of the exceptions under the Anti-

Page 23 – MEMORANDUM OPINION

Injunction Act, he or she still must allege sufficient
grounds to warrant equitable relief.

<u>In re Carey</u>, 2010 WL 5600987, at \*5 (9th Cir. BAP Nov. 30, 2010)
(citations omitted), <u>aff'd</u>, 481 F. Appx. 422 (9th Cir. 2012).

None of the statutory exceptions set out above apply in this case.
There are two judicially created exceptions: "(1) where the taxpayer
lacks alternative means to contest the legality of a particular tax or
(2) if it is clear that under no circumstances could the Government
ultimately prevail, and the taxpayer will suffer irreparable injury
without injunctive relief." <u>Id.</u> (citations omitted).

Plaintiff has not alleged that he lacks alternative means to
contest the legality of a particular tax. In fact, his allegations
suggest the opposite, since he has appealed to the Tax Court in the
past. Amended Complaint, Exh. E. Nor do the allegations of the amended
complaint show that it is clear that the taxpayer will ultimately
prevail or that he will suffer irreparable injury without injunctive
relief.

Accordingly, even assuming all facts as alleged are true and
construing them in the light most favorable to plaintiff, his claim for
injunctive relief does not state a claim for relief. Moreover, any
amendment to the complaint would be futile. Accordingly, plaintiff's
claim for injunctive relief will be dismissed with prejudice.

**6.** <u>Section 105 Jurisdiction</u>

In addition to the specific statutory provisions discussed above,
plaintiff alleges that this court has general jurisdiction to hear his
claims pursuant to its "inherent jurisdiction to facilitate debtor's

Page 24 – MEMORANDUM OPINION

recovery of debtor's estate assets" and its equitable power under § 105.
Complaint, ¶¶ 25, 39-40. However, "§ 105(a) is not a roving commission
to do equity. A bankruptcy court's equitable powers must and can only
be exercised within the confines of the Bankruptcy Code." Willms v.
Sanderson, 723 F.3d 1094, 1103 (9th Cir. 2013)(quotations and citations
omitted). Accordingly, § 105 does not grant this court jurisdiction
beyond the bounds provided for in the Bankruptcy Code or in
contravention of any other state or federal statute. 2 Collier on
Bankruptcy ¶ 105.1[2], p. 105-7 (16th Ed. 2017).

CONCLUSION

The court will substitute the United States as the defendant in
this case.

Plaintiff's claims against the individual defendants will be
dismissed with prejudice. Plaintiff's claims against the United States
for breach of contract, refund and injunctive relief will be dismissed
with prejudice. Plaintiff's claims for fraud and malicious prosecution
will be dismissed without prejudice and with leave to replead. However,
any such claims will be limited in their recovery to the amounts
asserted in the IRS proof of claim pursuant to § 106(c).

Plaintiff may file a Second Amended Complaint against the United
States curing the deficiencies discussed herein, which he must do within
14 days of the date of entry of the order dismissing the claims.

Failure to meet the 14-day deadline to file an amended complaint or
failure to cure the deficiencies identified in this Memorandum Opinion
will result in a dismissal of all claims with prejudice. Plaintiff may

Page 25 - MEMORANDUM OPINION

not add new causes of action or parties without leave of the court or stipulation of the United States pursuant to Fed. R. Civ. P. 15.

Counsel for the United States should submit the order.